IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEROY BROOKS, #A203759,
    Petitioner,

vs.                              Case No.: 3:09cv475/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13). Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Doc. 18). Petitioner filed a response in opposition to the motion (Doc. 20).

    Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial in the Circuit Court in and for Escambia County, Florida, Case No. 88-2792, Petitioner was convicted of one count of first degree murder and two counts of aggravated assault (Doc. 2, Attach. 1; Doc. 13 at 1). On January 13, 1989, he was sentenced to life imprisonment, with a 25-year mandatory minimum term (*id.*). Petitioner appealed the judgment to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without written opinion on February 23, 1990 (*see* Doc. 13 at 2). Brooks v. State, 557 So. 2d 868 (Fla. 1st DCA 1990) (Table).

    On May 26, 1999, Petitioner filed a habeas petition under § 2254 in this court, which challenged the same judgment of conviction and sentence that is the subject of the instant § 2254 petition (*see* Doc. 18 at 1). Brooks v. Moore, Case No. 3:99cv223/RH/SMN, Petition (N.D. Fla. May 26, 1999). The district court, adopting the magistrate judge's report and recommendation,

denied the petition as untimely. *Id.*, Order (N.D. Fla. Oct. 15, 2001). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, but the appellate court affirmed per curiam on June 5, 2002. Brooks v. Moore, 44 Fed. Appx. 945 (11th Cir. 2002) (unpublished).

On October 30, 2006, Petitioner filed another action in this court challenging the same judgment of conviction and sentence (*see* Doc. 18 at 1–2). Brooks v. State of Florida, Case No. 3:06cv486/MCR/EMT, Motion (N.D. Fla. Oct. 30, 2006). The district court, adopting the magistrate judge's report and recommendation, dismissed the action for lack of jurisdiction on the ground that it was an unauthorized successive habeas petition. *Id.*, Order (N.D. Fla. Dec. 21, 2006).

Additionally, the Eleventh Circuit has twice denied Petitioner's applications for leave to file a second or successive habeas petition (*see* Doc. 18 at 2). In re: Leroy Brooks, Case No. 06-16223-A (11th Cir. Dec. 28, 2006); In re: Leroy Brooks, Case No. 08-14143-B (11th Cir. Aug. 8, 2008).

In the instant petition, Petitioner again challenges his life sentence imposed by the Escambia County Circuit Court (Doc. 13). He raises the following grounds for relief:

> Ground one: "Life imprisonment an [sic] indefinite term of imprisonment imposed in violation of Petitioner [sic] Const. right."
>
> Ground two: "Florida Constitution is superior to any legislative intent."
>
> Ground three: "A sentence that patently fails to comport with statutory or constitutional limitation is by definition illegal."
>
> Ground four: "A gross disproportionately [sic] principle is applicable to sentences for terms of years."

(Doc. 13 at 5–6).[1]

II. ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 petition filed by Petitioner in 1999. Furthermore, as this District Court determined in

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Petitioner's second § 2254 action filed in 2006, Petitioner's 1999 petition qualified as a first petition for purpose of determining successor status.[2] Therefore, the instant petition is successive.

Additionally, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals to file this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A). For this reason, this case should be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 18) be **GRANTED**.
2. That this habeas action be **DISMISSED** for lack of jurisdiction.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of April 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**